AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PATRICK D. TURNER<br><br>*Defendant(s)* | )<br>)<br>)   Case No.   15-8475-JMH<br>)<br>)<br>) |

FILED BY _____ D.C.
AUG 21 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 25, 2015__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) and 924(e) | Possession of a firearm by a prohibited person - convicted felon and armed career criminal. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Sara Connors, Special Agent / ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8-21-15

*Judge's signature*

City and state:   West Palm Beach, Florida      Hon. James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# SARA CONNORS
# SPECIAL AGENT
# BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

Your affiant, Sara Connors, first being first duly sworn, does hereby depose and state as follows:

1. Your affiant is employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since 1999. Your affiant's responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44). During your affiant's tenure with ATF, your affiant has personally participated in excess of 300 prior investigations of convicted felons in possession of firearms.

2. Your affiant submits this affidavit in support of an arrest warrant for **Patrick TURNER.** Because this affidavit is being submitted for the limited purpose of obtaining an arrest warrant, it does not contain all the information known regarding this investigation, but rather those facts necessary to establish probable cause to believe that TURNER, a convicted felon, was in possession of a firearm that affected interstate commerce on or about July 25, 2015, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

3. On July 25, 2015, at approximately 1:05 a.m., West Palm Beach Police Department (WPBPD) Agents were on proactive patrol in the 1000 block of North Tamarind Avenue, in the City of West Palm Beach, Florida. Their proactive patrol was in response to a number of shootings and homicides that had recently taken place in the area. The agents were riding in an unmarked police vehicle that was equipped with blue lights and siren. The agents were also wearing tactical vests that were marked "Police." At that time, the agents observed

three males standing in the parking lot area of 1009 9th Street. The agents stopped their unmarked vehicle approximately 20 feet away and approached the three males on foot.

4. As the agents got closer to the three individuals, one male later identified as W.H., ducked down behind a parked car which obstructed the agents view. The agents continued to advance and used their flashlights to illuminate the area and individuals. TURNER was one of the three males that the agents approached and was standing approximately two feet from W.H. WPBPD Agent Negron used his flashlight to illuminate TUNRER and immediately observed the butt end of a black firearm hanging from TURNER's front right pocket. TURNER then spontaneously uttered; "I got a gun on me. It's mine." Prior to removing the firearm, Agent Negron asked TURNER if he had a concealed weapons permit. TURNER replied; "No, I'm a convicted felon." Agent Negron then removed a rusty black Yugoslavia model M57, 7.62x 25mm semiautomatic pistol from TURNER's possession. The firearm was fully loaded with eight rounds in the magazine and one round in the chamber.

5. Agent Negron conducted a criminal history check of TURNER which verified that he was a convicted felon. No additional firearms, weapons or drugs were found at the scene and the other two individuals were released. TURNER was transported to the West Palm Beach Police Department for questioning. Agent Negron conducted an audio and video recorded interview of TURNER during which he read TURNER his *Miranda* warnings from a pre-printed card. TURNER signed the card and stated that he understood the warnings provided to him by Agent Negron. TURNER admitted to possessing the firearm and stated that a friend gave him the firearm to walk to the store. TURNER was then charged by the WPBPD and brought to the Palm Beach County Jail.

2

6. Your affiant knows, through court records, that TURNER has been convicted of the following felonies, each punishable by a term of imprisonment exceeding one year. Based upon these convictions, your affiant believes TURNER qualifies as an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e):

- on December 4, 2002, TURNER was convicted of robbery, a 2nd degree felony, case number 99-5860CFA02 in Palm Beach County;

- on January 28, 2004, TURNER was convicted of aggravated battery, a 2nd degree felony, case number 99-4556CFA02 in Palm Beach County;

- on January 27, 2005, TURNER was convicted of sale of cocaine within a 1000 feet of a school, a 1st degree felony, case number 0410837CFA02 in Palm Beach County;

- on March 18, 2009, TURNER was convicted of sale of cocaine within a 1000 feet of a church, a 1st degree felony, case number 08CF016478AXX in Palm Beach County;

and

- on March 18, 2009, TURNER was convicted of sale of cocaine within a 1000 feet of a church, a 1st degree felony, case number 08CF015351AXX in Palm Beach County.

7. Your affiant has consulted with ATF Resident Agent in Charge Robert Shirley, who has been previously qualified as an expert in the interstate nexus of firearms and ammunition in the Southern District of Florida. RAC Shirley was given a description and shown photographs of the Yugoslavia semiautomatic pistol recovered from TURNER. RAC Shirley determined that the firearm was manufactured in Yugoslavia, and that therefore, the firearm has

3

traveled in interstate and foreign commerce. RAC Shirley also noted that the firearm does not appear to be an antique firearm.

FURTHER YOUR AFFIANT SAYETH NAUGHT

*[signature]*
SARA CONNORS
SPECIAL AGENT, ATF

SWORN TO AND SUBSCRIBED BEFORE
ME THIS __21__<sup>TH</sup> DAY OF AUGUST, 2015,
AT WEST PALM BEACH, FLORIDA,
SOUTHERN DISTRICT OF FLORIDA.

*[signature]*
HON. JAMES M. HOPKINS
UNITED STATES MAGISRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   15-8475-JMH

UNITED STATES OF AMERICA

vs.

PATRICK D. TURNER,

                      **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

                    Respectfully submitted,

                    WIFREDO A. FERRER
                    UNITED STATES ATTORNEY

BY:  _____
                    ADAM C. McMICHAEL
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar No. 0772321
                    TEL (561) 820-8711